# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHEASTERN FREIGHT LINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-0424-CVE-TLW |
| ) | |
| CDCLARUE, INC., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| CDCLARUE, INC., ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SOUTHEASTERN FREIGHT LINES, INC., ) | |
| ) | |
| Counterclaim Defendant. ) | |

## OPINION AND ORDER

This matter comes on for consideration of the notice of removal (Dkt. # 2) filed by plaintiff and counterclaim defendant Southeastern Freight Lines, Inc. (SEFL). In its amended petition, filed in the District Court in and for Tulsa County, Oklahoma, SEFL seeks collection of approximately $22,000 in unpaid freight charges from defendant and counterclaim plaintiff CDCLarue, Inc. (CDC). Dkt. # 2-3. CDC filed an answer, and in the same document it asserted counterclaims against SEFL for approximately $20,000, alleging that SEFL was negligent and grossly negligent and that SEFL breached its contract with CDC by allowing CDC's goods to be delivered to an entity other than the purchaser. Dkt. # 2-5. SEFL, arguing that CDC's counterclaims are in fact claims under the Carmack Amendment, 49 U.S.C. § 14706, has filed a timely notice of removal. Dkt. # 2.

SEFL seeks to remove to this Court pursuant to 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005). "There is a presumption against removal jurisdiction, and the party seeking removal has the burden of proof to establish jurisdiction." Anderson v. Lehman Bros. Bank, FSB, 528 F. App'x 793, 795 (10th Cir. 2013)[1] (citations omitted). SEFL premises removal upon its assertion that CDC's counterclaims are Carmack Amendment claims,[2] thus coming within this Court's federal question jurisdiction under 28 U.S.C. § 1331. Dkt. # 2, at 2.

Under Supreme Court precedent, CDC's counterclaims cannot serve as the basis for jurisdiction under § 1331. By statute, this Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826 (2002), the Supreme Court addressed whether a federal counterclaim could establish "arising under" jurisdiction for purposes of 28 U.S.C. § 1331 and 28 U.S.C. § 1338. The Court reiterated the general rule that the well-pleaded complaint rule governs when a case "arises under" federal law. Holmes Grp., 535 U.S. at 830. Under that rule,

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

[2] The Court assumes, for purposes of this opinion and order only, that CDC's claims are claims under the Carmack Amendment.

2

the plaintiff is "the master of the complaint," and "federal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Id. at 831 (emphasis in original) (quoting Caterpillar Inc. v. Williams, 482 U.S. at 386, 392 (1987)). The Supreme Court determined that a counterclaim could not establish "arising under" jurisdiction because it would "leave acceptance or rejection of a state forum to the master of the counterclaim." Id. Additionally, the Supreme Court found that allowing a counterclaim to serve as the basis for jurisdiction under § 1331 would "radically expand the class of removable cases," contrary to the limited nature of the removal statute, and would "undermine the clarity and ease of administration of the well-pleaded-complaint doctrine." Id. at 832 (citations omitted). For those reasons, the Supreme Court "decline[d] to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-or-counterclaim rule'" and concluded that a counterclaim could not establish federal subject matter jurisdiction under § 1331. Id.

This interpretation accords with the Supreme Court's statement in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941), that a counterclaim defendant is not a "defendant" for purposes of removal under § 1441(a). In Shamrock Oil, the plaintiff in a state court proceeding sought to remove based on a counterclaim. Shamrock Oil, 313 U.S. at 103. The district court denied the defendant's motion to remand, but the Fifth Circuit reversed on the ground that the plaintiff was not a "defendant" within the meaning of the then-existing removal statute. Id. The Supreme Court reviewed the history of the removal statute, noting first that the original statutory right of removal was restricted to "defendants." Id. at 105. In West v. Aurora City, 73 U.S. 139 (1867), the Court interpreted this statute to preclude a plaintiff from removing to federal court based on a defendant's counterclaim. Id. at 106; see also West, 73 U.S. at 142. Congress revised the removal statute in

1875, and the revised statute "specifically gave to 'either party' to the suit the privilege of removal." Shamrock Oil, 313 U.S. at 105. In 1887, Congress revised the removal statute and returned to using the term "defendants." Id. at 106. The Supreme Court interpreted this legislative history to mean that Congress, in specifically using the term "defendant" in the removal statute, "indicat[ed] the Congressional purpose to narrow the federal jurisdiction on removal by reviving in substance the provisions of [the removal statute] as construed in West v. Aurora City." Id. at 107. The Court, stating that the issue concerned "the acquisition of a right which can only be conferred by Act of Congress," affirmed the appellate court's determination that the matter should be remanded. Id. at 108. Shamrock Oil has consistently and repeatedly been interpreted as precluding the plaintiff in the original state-court action from removing based on a defendant's federal counterclaims. E.g. Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008) ("Counter-defendants, like third-party defendants, are certainly not defendants against whom the original plaintiff asserts claims; [t]hus, we easily conclude that an additional counter-defendant is not a 'defendant' for purposes of § 1441(a)."); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642 (2d Cir. 1993); see also Alexander v. Tulsa Pub. Schs., 133 F. App'x 581 (10th Cir. 2005) (affirming the district court's decision to deny removal because the court "correctly determined that Alexander cannot remove her own state-court action to federal court"); 14C WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3730 (4th ed.) ("[P]laintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them.").

The Court lacks subject matter jurisdiction. Following Shamrock Oil and Holmes Group, SEFL's argument that CDC's counterclaims provide a basis for original jurisdiction under § 1331 are unavailing. Under 28 U.S.C. § 1332(a), the Court has original jurisdiction "of all civil actions

4

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." However, plaintiff's claim in the amended petition seeks approximately $22,000 in damages, much less than the jurisdictional amount required for original jurisdiction under § 1332(a). Dkt. # 2-3, at 2. As no other statute conferring jurisdiction appears to be satisfied, the Court does not have original jurisdiction in this matter. District courts may <u>sua</u> <u>sponte</u> order the remand of a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because it is apparent that this Court lacks subject matter jurisdiction, the case must be remanded.

**IT IS THEREFORE ORDERED** that the Court Clerk will **remand** this case to the District Court in and for Tulsa County, Oklahoma.

**DATED** this 3rd day of August, 2015.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE